UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-CV-071-TBR

**THERESSA JOHNSON,**                                                                                           **PLAINTIFF**

v.

**PENNYRILE ALLIED COMMUNITY
SERVICES, ET AL.,**                                                                                             **DEFENDANTS**

### MEMORANDUM OPINION & ORDER

This matter is before the Court on Plaintiff's Objection and Motion to Strike New Affidavits Filed with Defendants' Reply Memorandum ("Motion to Strike"), [DN 56]. Plaintiff seeks to strike five affidavits filed by Defendants Pennyrile Allied Community Services ("PACS") and Roy Brunner (collectively, the "PACS Defendants") in support of their reply brief, [DN 55]. The PACS Defendants have filed a response in opposition to Plaintiff's Motion to Strike, [DN 57]. No reply has been filed and the time to do so has expired. This matter is therefore fully briefed and ripe for review. For the reasons set forth below, the Court will deny Plaintiff's Motion to Strike, [DN 56].

On October 22, 2021, the PACS Defendants filed a Motion for Summary Judgment, [DN 40]. Plaintiff filed a timely response and attached several exhibits in support of her position. [DN 48]. The PACS Defendants then filed their reply, [DN 55], to which they also attached several exhibits, including five affidavits in support of their motion. [DN 55-2 (Affidavit of

1

Harold Monroe); DN 55-5 (Affidavit of Christine Bustamante); DN 55-6 (Affidavit of Lauren Wilson); DN 55-7 (Affidavit of Jessica Hull); DN 55-8 (Affidavit of Nicol Calhoun)].

Plaintiff now asks the Court to strike these five affidavits, citing Federal Rule of Civil Procedure 6(c)(2). That rule provides, "Any affidavit supporting a motion must be served with the motion." Plaintiff cites this rule, along with a 2010 journal article about the "misuse of reply affidavits in summary judgment proceedings." [DN 56, p. 3–4]. Plaintiff cites no other law in support of her position. Further, the article cited in her motion[1] clearly states that "Rule 6(c)(2) does not expressly prohibit parties from submitting reply affidavits." *Id.* at 3. Instead, the rule provides that those affidavits supporting the *initial motion for summary judgment* should be filed with that motion; it makes no reference to those affidavits supporting *the movant's reply*. The Sixth Circuit has explained that reply affidavits—that is, affidavits that respond only to the non-movant's response—are permitted under the rule. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 476–77 (6th Cir. 2002); *see also McGinnis v. Southeast Anesthesia Assocs., P.A.*, 161 F.R.D. 41, 42 (W.D. N.C. 1995).

In this case, the Court has reviewed the parties' briefing and the affidavits at issue and finds that they are submitted in support of the PACS Defendants' reply brief, [DN 55]. In other words, they are not late-filed affidavits in support of the initial Motion for Summary Judgment, [DN 40], but are instead submitted in answer to the arguments raised by Plaintiff in her response brief, [DN 48]. Further, the Court is mindful of Rule 6(c)(2)'s "ultimate objective of resolving this motion on its merits." *McGinnis*, 161 F.R.D at 42. Striking the reply briefs would conflict with the rule's objective and hinder the Court's ability to resolve the motion on its merits, after fully reviewing the evidence of record. The Court further finds that there is no element of

---

[1] Plaintiff has not properly cited to the article, nor provided a copy of it, and the Court is therefore unable to review the article.

surprise associated with the reply affidavits in this case, and it is therefore unnecessary to allow Plaintiff time to file a sur-reply, which Plaintiff has *not* requested. *See Peters*, 285 F.3d at 477 (denying leave to file sur-reply because there was "no element of surprise" associated with a reply affidavit filed by the defendant); *Perkins v. Rock-Tenn Services, Inc.*, 700 F. App'x 452, 460 (6th Cir. 2017) (noting that the plaintiff had amply opportunity to request leave to file a sur-reply in response to reply affidavits, but she declined to do so).

Accordingly, **IT IS ORDERED** that Plaintiff's Objection and Motion to Strike New Affidavits File with Defendants' Reply Memorandum ("Motion to Strike"), [**DN 56**], is **DENIED**.

*[Signature]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

February 14, 2022

cc: Counsel of Record

3